PER CURIAM.
This is an appeal from a final judgment which denied the City of Hallandale’s request for an injunction against an alleged zoning violation and granted Prospect Hall College’s counterclaim for mandamus ordering the City to issue a motel license to the College.
This suit arose in the following context. The College leased an oceanfront motel in Hallandale for use as a dormitory. When a controversy arose as to whether this use was in violation of the City’s zoning regulations, the College opened the facility to the public and provided a twenty-four hour desk clerk. In addition, rooms are rented to students on a semester basis at a lower rate than that charged to overnight guests. The City sought an injunction against the use of the facility as a dormitory alleging that such use created a nuisance and constituted a zoning violation. The nuisance count was subsequently abandoned. The College counterclaimed seeking mandamus for the issuance of a motel license by the City. We find that the injunction was properly denied and the mandamus was properly granted.
 As to the injunction issue, we note that the area in which the facility is located is zoned as RM-25 Residential Multi-Family (High Density) District. Permitted residential uses in this district are listed as being: (a) multi-family residential dwellings; (b) hotels and motels; (c) single family residential dwellings, subject to RS-6 regulations; (d) two-family (duplex) residential dwellings, subject to RD-14 regulations; (e) nursing and convalescent homes; and (f) residential accessory uses. The record clearly indicates that the premises leased by the College are used partly as a motel and partly as a dormitory. Since zoning regulations are in derogation of private ownership rights, general zoning law provides that zoning ordinances are to be construed broadly in favor of the property owner absent clear intent to the contrary. 7 Fla. Jur.2d Building, Zoning and Land Controls § 59 (1978). Applying this reasoning, we can find little, if any, difference between the permitted hotel and nursing home uses and a dormitory since both of those permitted uses often involve long-term residency. Thus, the injunction was properly denied.
We also find that mandamus was properly granted since the facility was clearly being used as a motel. The College maintains a front desk, a staff of employees on a twenty-four hour basis, is licensed by *241 the state hotel licensing board and the state food service licensing board, has a Broward County Health permit and has advertised with the Hallandale Chamber of Commerce and the American Automobile Association. Under these circumstances, the College certainly has a right to an occupational license for the operation of a motel and the court properly granted mandamus ordering the City to issue such license.
AFFIRMED.
BERANEK, DELL and WALDEN, JJ., concur.